961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Bennie M. BROWN, Defendant-Appellant.
 No. 91-5573.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1992.
 
 Before KEITH, Circuit Judge, and LIVELY and TIMBERS,* Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Bennie M. Brown ("Brown"), appeals his sentence following a guilty plea to conspiracy to manufacture and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 846. Brown claims that the district court erred in determining the quantity of methamphetamine he possessed. Because the district court's factual findings were not clearly erroneous, we AFFIRM the sentenced imposed.
 
 
 2
 The defendant, Bennie M. Brown, and six other individuals, including Fred Hawkins ("Hawkins") and Hawkins' former wife, Donna Payne ("Payne"), were indicted on September 6, 1988, by a federal grand jury.[1] The indictment charged Brown with: (1) conspiring to manufacture, possession with intent to distribute and distribute measurable quantities of methamphetamine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 846; (2) manufacturing approximately nine ounces of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) possession with intent to distribute approximately nine ounces of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 3
 Brown and the government executed a plea agreement. As part of the plea agreement, Brown pled guilty to the conspiracy charge. In return, counts two and three of the indictment against Brown were dismissed. Moreover, the government agreed to leave unresolved the quantity of methamphetamine involved in the conspiracy for purposes of computing the base offense level. Finally, the government agreed to recommend his sentence be at the low end of the appropriate guideline range.
 
 
 4
 Brown's Presentence Report calculated an offense level of 28 based on a quantity of 2.25 pounds of methamphetamine. At the sentencing hearing, Brown objected to the Presentence Report's methamphetamine quantity determination. Brown presented the testimony of Thomas Green, Ph.D., Associate Professor of Chemistry at Western Kentucky University, who opined that, assuming three pounds of ephedrine were used, no more than 227 grams of methamphetamine could have been produced by the process employed. The district court, relying on the Presentence Report and a statement by Donna Payne, determined that the appropriate quantity for calculating Brown's sentence was 2.25 pounds of methamphetamine.
 
 
 5
 On appeal, Brown alleged that the district court's determination of the quantity of methamphetamine was based on evidence which lacked sufficient indicia of reliability. This Court held that Donna Payne's statements lacked sufficient reliability to support probable accuracy. Specifically, the Court found that Payne's "statement was based upon information provided by an unidentified source. Without good cause shown for the non-disclosure of the source's identity and sufficient corroboration by other means, the district [c]ourt's consideration of the out of court declarations of Payne's unidentified source was improper." Therefore, the panel remanded the case to the district court for further proceedings to establish the quantity of methamphetamine involved.
 
 
 6
 On remand, the district court held a hearing. The district court found that its original estimate of 2.25 pounds of methamphetamine was based on reliable evidence as presented at the hearing. This timely appeal followed.
 
 
 7
 Brown raises two issues on appeal. First, Brown claims the district court incorrectly calculated the quantity of methamphetamine he conspired to manufacture. Specifically, Brown argues, as he did in his original appeal, that the evidence lacked sufficient indicia of reliability. Second, Brown contends that the district court erred in finding that the controlled substance he conspired to manufacture was methamphetamine.
 
 
 8
 In reviewing the district court's finding of fact for sentencing purposes, this Court accepts the facts as found by the district court unless they are clearly erroneous. United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 492 U.S. 910 (1989). The government is required to prove these facts by a preponderance of the evidence, United States v. Silverman, 889 F.2d 1531, 1535 (6th Cir.1989), and the district court may hear virtually any evidence as long as it has " 'sufficient indicia of reliability to support its probable accuracy.' " U.S.S.G. § 6A1.3, comment. At the sentencing hearing, the United States Probation Officer testified that the source of Donna Payne's testimony was Fred Hawkins, a co-defendant. The probation officer also testified that Hawkins told him that he purchased three pounds of the ephedrine and if the co-defendants followed his instructions, they could manufacture three pounds of methamphetamine. The Drug Enforcement Agency ("DEA"), who was operating a chemical distribution company in Southern California as part of a local sting operation, corroborated Hawkins' purchase of ephedrine. The DEA notified the Probation Office of records indicating that Hawkins purchased three pounds of ephedrine during this period. After a thorough review of the record in this case, we find that the district court's conclusion that Brown conspired to manufacture 2.25 pounds of methamphetamine was not clearly erroneous.
 
 
 9
 We do not reach the merits of Brown's second argument since it deals with issues that are beyond the scope of this Court's remand order to the district court. The district court properly refused to consider these contentions on remand.
 
 
 10
 Accordingly, we AFFIRM the sentencing order entered by the Honorable Ronald E. Meredith, United States District Court Judge for the Western District of Kentucky.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Bennie M. Brown is the only party involved in this appeal